LOUIS LOWENSTEIN & another *vs.* ALFRED A. SILTON.

Suffolk.    November 20, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Bankruptcy*, Composition. *Contract*, Implied. *Practice, Civil*, Exceptions, Waiver of defect in pleading.

Where, at the trial of an action for a balance alleged to be due a firm for furniture according to an account annexed, it appeared that the defendant in his answer alleged an accord and satisfaction and that he also filed a declaration in set-off for services alleged to have been furnished to the plaintiffs as an attorney at law, and the defendant did not deny that at some time he owed the plaintiffs the amount claimed in the declaration, but there was evidence tending to show an accord and satisfaction between the parties before the bringing of the action, it was proper for the presiding judge to refuse to order a verdict for the plaintiffs.

An exception by the plaintiffs in the above described action to a refusal by the judge to rule that the defendant could not recover on certain counts in his declaration in set-off became immaterial because the verdict of the jury was in the plaintiffs' favor on the defendant's declaration in set-off.

The defendant in his answer in the action above described alleged "that the plaintiffs' claim is not their property any longer, so that they are not entitled to sue herein." There was evidence that at one time the plaintiffs went into bankruptcy. The plaintiffs testified that "the bankruptcy case was settled with the creditors." The defendant testified that one of the plaintiffs told him that some objection was being made to "our composition," and later told him that "everything had come out all right." The judge refused to rule that there was no question of fact with regard to title to the claim after bankruptcy proceedings, and charged the jury that, if a bankrupt owns claims against debtors, such claims would pass to the trustee in bankruptcy or to the receiver if there was a receiver, and that they would not come back to the bankrupt except through a conveyance from the trustee or receiver or a termination of the proceedings in such way, about which there was no evidence, that property revested in the original creditor. *Held*, that

(1) The evidence did not require a ruling of law that the bankruptcy had ended by a composition in accordance with the requirements of the national bankruptcy act;

(2) The charge was sufficiently favorable to the plaintiffs;

(3) In view of the answer of the defendant, above quoted, and the facts that no question was raised at the trial that bankruptcy had not been pleaded as a defence, and that no ruling relating to that defect in

pleading was requested nor exception saved to the charge on that ground, it was too late for the plaintiffs to raise in this court the question, whether a contention by the defendant, that by reason of the bankruptcy proceedings the plaintiffs did not own the claim upon which they based their action, was open on the pleadings.

CONTRACT, for $273.53 and interest, a balance alleged to be due for furniture upon an account annexed. Writ dated September 23, 1920.

The defendant filed an answer containing a general denial, a defence under the statute of frauds, and the following: "Further answering, the defendant says that the plaintiffs' claim is not their property any longer, so that they are not entitled to sue herein." He also filed a declaration in set-off claiming $315 for services as an attorney at law according to an account annexed.

In the Superior Court, the action was tried before *Wait*, J. Material evidence and exceptions by the plaintiffs are described in the opinion. There was a verdict for the defendant on the declaration and for the plaintiffs (defendants in set-off) on the declaration in set-off. The plaintiffs alleged exceptions.

The case was submitted on briefs.

*S. Brenner*, for the plaintiffs.

Neither argument nor brief for the defendant.

RUGG, C.J. This is an action of contract to recover for goods sold and delivered. The defendant filed a declaration in set-off. The defendant did not deny that at some time he owed the plaintiffs the amount of their claim. There was evidence tending to show an accord and satisfaction between the parties. That was one reliance of the defendant. There was evidence tending to show that at some time thereafter the plaintiffs went into bankruptcy and a receiver was appointed and took charge of their property. One of the plaintiffs testified that "the bankruptcy case was settled with the creditors." The defendant testified that one of the plaintiffs told him that some objection was being made to "our composition," and later told him that "everything had come out all right." The plaintiffs' requests for a directed verdict in their favor on their declaration was denied

rightly. The jury may have believed the defendant to the effect that there was an accord and satisfaction and that the parties mutually agreed that their respective claims should balance each other.

The plaintiffs' exception to the denial of their request that the defendant could not recover on certain counts in his declaration in set-off has become immaterial because the verdict of the jury was in the plaintiffs' favor on the defendant's declaration in set-off.

The plaintiffs excepted to the refusal to grant a request for a ruling that there was no question of fact with regard to title to the claim after bankruptcy proceedings. The charge in this particular was that, if a bankrupt owns claims against debtors, such claims would pass to the trustee in bankruptcy or to the receiver if there was a receiver, and that they would not come back to the bankrupt except through a conveyance from the trustee or receiver or a termination of the proceedings in such way, about which there was no evidence, that property revested in the original creditor. The question whether the plaintiffs were owners of the claims was left to the jury. There was no evidence as to the ending of the proceedings in bankruptcy by a composition under the law. No record was introduced. The testimony would hardly have supported a finding of a composition under the bankruptcy law. Certainly, no such finding was required. The evidence did not reach the degree of certainty necessary to warrant the inference of proof. Settlement with creditors and a statement that everything had come out all right are not the equivalent of composition under the bankruptcy law. The charge was sufficiently favorable to the plaintiffs.

No question was raised at the trial that bankruptcy had not been pleaded as a defence. No ruling of that nature was requested and no exception saved to the charge on that ground. It is too late to raise it now. Moreover, it was pleaded in answer that the plaintiffs no longer owned the claim.

*Exceptions overruled.*